IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEROY JOHNSON, JR., § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:21-cv-00455-P-BP |
| § § | |
| LEAR CORPORATION, § § § | |
| Defendant. § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Lear Corporation's Motion to Dismiss, filed April 1, 2021, Plaintiff Leroy Johnson, Jr.'s Response, filed September 7, 2021, and Defendant's Reply filed on September 14, 2021. ECF Nos. 6, 11, and 12, respectively. This case was referred to the undersigned automatically pursuant to Special Order 3 on March 25, 2021. ECF No. 3. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendant's Motion to Dismiss (ECF No. 6) and **DISMISS** this action **WITH PREJUDICE**.

I.   **BACKGROUND**

Plaintiff Leroy Johnson, Jr. ("Johnson") originally filed this action against Defendant Lear Corporation ("Lear") in the Justice of the Peace Court, Precinct No. 6, Tarrant County, Texas, on March 2, 2021, alleging a claim under the Family Medical Leave Act of 1993 ("FMLA"). ECF No. 1-1. The pleadings indicate that Johnson was employed by Lear on March 8, 2018, when Lear allegedly violated Johnson's FMLA rights with respect to overtime hours. ECF No. 11. After first seeking administrative assistance through the Department of Labor Wage and Hour Division

("DOL") and Equal Employment Opportunity Commission ("EEOC"), Johnson filed the present action. ECF Nos. 1, 6. Lear removed the case to this Court on March 25, 2021 and filed a Motion to Dismiss on April 1, 2021. *See* ECF Nos. 1 and 6. In its motion, Lear argues that Johnson's Petition is time-barred by the FMLA's statute of limitations and fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* Johnson responded that he timely filed his Petition within the 90-day period prescribed by the EEOC and that his claim has merit. ECF No. 11. Lear replied that Johnson's untimely response to the Motion to Dismiss fails to show how his Petition states a claim under the FMLA and that in any event his claims come too late under the act. ECF No. 12.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 547).

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less

2

stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

The liberal construction of *pro se* pleadings stems from a "well-established policy that [plaintiffs] be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus whenever possible the Fifth Circuit recommends that suits be dismissed without prejudice on Rule 12 motions. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.* However, a complaint may be dismissed with prejudice, thus foreclosing that opportunity, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016).

The FMLA has a two-year statute of limitations, unless the alleged violation was willful, in which case, it is three years. *See* 29 U.S.C. § 2617(c)(1); *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 392–93 (5th Cir. 2005). To establish a willful FMLA violation, "a plaintiff must show that his employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Henson*, 128 F. App'x at 393. A negligent FMLA violation is not willful. *Mozingo v. Oil States Energy, Inc.*, 661 F. App'x 828, 830 (5th Cir. 2016).

### III.     ANALYSIS

#### A.     Johnson fails to state a claim upon which relief can be granted.

Even liberally construed, Johnson's single-sentence Petition did not include enough facts to support a cause of action. ECF No. 1-1 at 7. The Petition filed in small claims court alleged that "[t]he Company violated [Johnson] by suspending [him] without pay while under FMLA, and they owe [him] money." *Id.* However, it offered no factual basis by which the Court could determine whether Lear violated Johnson's rights under the FMLA such that Johnson is entitled to relief. *Id.* Recognizing the Petition's insufficiency and wishing to understand any basis Johnson might have for a claim, the undersigned issued the August 26, 2021 Order directing him to respond to Lear's Motion to Dismiss. ECF No. 10.

Johnson's Response failed to provide facts to establish an FMLA cause of action. While more detailed than his single-sentence Petition, his single-paragraph Response provided only the conclusory statement that "a violation [of his FMLA rights] took place over the overtime." ECF No. 11. Beyond that, it vaguely described a disagreement between Johnson and his supervisors, stating that "[t]he superintendent accuse[d] me of possible miss use [sic] of FMLA." *Id.* While the Response loosely describes that resulting disagreement, it never specifies what FMLA right was violated, how it occurred, or why. *Id.* Even the most liberal construction of Johnson's pleadings cannot overcome the fact that they lack the basic elements of the FMLA claim they purport to raise. Accordingly, Judge Pittman should dismiss this case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

#### B.     The statute of limitations bars Johnson's claim.

The FMLA has a two-year statute of limitations unless the alleged violation was willful, in which case a three-year limitations period applies. *Henson*, 128 F. App'x at 392–93.  The acts or

omissions giving rise to Johnson's purported FMLA claim all allegedly occurred on March 8, 2018. ECF No. 11. Johnson filed this suit on March 2, 2021, almost three years later. ECF No. 1-1. Even if his alleged cause of action arose from his suspension from March 10, 2018 to March 17, 2018, that would extend the relevant limitations period by a matter of weeks, not months. *See* ECF No. 6 at 5. Johnson does not allege any willful FMLA violation that would extend the limitations period to three years. Accordingly, the statute of limitations has run on this claim and bars Johnson from bringing it.

As Lear's Motion to Dismiss predicted, Johnson's Response argued that his Right to Sue letter from the EEOC "gave [him] 90 days from the date of the letter" to file his lawsuit. ECF No. 11. But this is incorrect for two reasons. First, there is no administrative exhaustion prerequisite for FMLA lawsuits. Thus, "[b]ecause a plaintiff need not first file a charge with the EEOC before bringing an FMLA claim, [a plaintiff's] EEOC filing [does] not toll the statute of limitations for his FMLA claim." *Zavala v. Silverleaf Resorts, Inc.*, No. 3:16-cv-03186-M, 2018 WL 6252551 (N.D. Tex. Nov. 11, 2018) at *3. Moreover, the EEOC's March 2, 2021 letter never sanctioned the present suit within the referenced 90-day window. The letter, attached to Johnson's Petition as Exhibit 3, informed Johnson that he was entitled to file a suit within 90 days "under Title VII, the ADA[,] or GINA." ECF No. 1-1 at 9. Because Johnson brings this case under the FMLA, he has no viable argument that the EEOC's Right to Sue letter, which did not mention the FMLA, somehow sanctioned his late-filed Petition. *Id.* Furthermore, the DOL correspondence also attached to Johnson's Petition as Exhibit 3 specifically warned him about the FMLA's statute of limitations. *Id.* at 12. Accordingly, Johnson was adequately informed of his right to sue under different statutes and was forewarned of the FMLA's statute of limitations. For these reasons, his argument that the EEOC's Right to Sue letter permitted him to file an FMLA claim after the statute

of limitations had run is unpersuasive.

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals such as the one recommended here ordinarily should be without prejudice. *See Great Plains Tr. Co.*, 313 F.3d at 329. However, dismissal with prejudice may sometimes be appropriate when a plaintiff could not successfully bring his claim even if given the opportunity to amend it and thus fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Johnson's claim in this case still would be time-barred even if the Court granted him leave to file an amended complaint. In the absence of any facts to support a claim of willful violation of the FMLA, any attempt to amend the pleadings would prove futile and dismissal with prejudice is appropriate under the circumstances. Thus, the undersigned recommends that Judge Pittman dismiss this action with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** Lear Corp.'s Motion to Dismiss (ECF No. 6) and **DISMISS** this action **WITH PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  **SIGNED** on September 17, 2021.

                _____
                Hal R. Ray, Jr.
                UNITED STATES MAGISTRATE JUDGE